UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VISIONEERING INC.,

      Plaintiff,

vs.

VIVACE INTERNATIONAL CORPORATION,

      Defendant.

Case No.

Hon.

      /

Ann Marie Uetz (P48922)
Regina M. Gilmour (P83117)
FOLEY & LARDNER LLP
500 Woodward Avenue, Suite 2700
Detroit, MI 48226
(313) 234-7100
auetz@foley.com
rgilmour@foley.com

*Attorneys for Plaintiff*

      /

## COMPLAINT

Plaintiff, Visioneering Inc. ("Visioneering"), by and through its attorneys, Foley & Lardner LLP, states as follows for its Complaint against Vivace International Corporation ("Vivace"):

## Jurisdiction and Parties

1. Visioneering is a corporation formed under the laws of the state of Michigan with its principal place of business in Auburn Hills, Michigan. For purposes of diversity jurisdiction, Visioneering is considered a citizen of the state of Michigan.

2. Vivace is a corporation formed under the laws of the state of Texas with its principal place of business in San Antonio, Texas. For purposes of diversity jurisdiction, Vivace is considered a citizen of the state of Texas.

3. This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1332. The matter in controversy is between citizens of two different states. The amount in controversy exceeds $75,000, exclusive of statutory interest and costs.

4. This Court has personal jurisdiction over Vivace, including pursuant to MCL 600.715 because this dispute arises out of business transacted in Michigan, including a contract for goods and/or services to be furnished in Michigan. Vivace purposefully availed itself of the benefit of transacting business in Michigan and this dispute arises out of such business.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because Visioneering's principal place of business is within this judicial district, and further, a substantial part of the transactions, events or omissions giving rise to the claims asserted in this action arose in this judicial district.

## General Allegations

6. Visioneering is a manufacturer that provides high-quality products and tooling solutions for a variety of companies that operate in the aerospace industry.

7. Vivace is a corporation that, among other things, is engaged in the design, development and manufacture of various aerospace components.

8. Vivace entered into an agreement with Northrop Grumman ("Northrop") in connection with Northrop's OmegA rocket program.

9. On May 28, 2020, Vivace delivered to Visioneering at its Auburn Hills, Michigan plant, Purchase Order No. 10752 (the "PO"), requesting that Visioneering manufacture a Quality Test Stand in connection with the OmegA rocket program (the "Equipment"). The order total was $799,704. A copy of the PO is in the possession of the Defendant.

10. Visioneering accepted Vivace's PO and manufactured the Equipment at its facilities in Michigan.

11. On November 24, 2020, Visioneering sent an email to Vivace requesting a status update.

12. Vivace responded that same day, stating, "Northrop has spun down the OmegA program." Ex. 1.

13. Vivace further stated that its "supply chain folks [would] reach out . . . in the next few days with the termination requests, and [Vivace] can officially start that process and get [Visioneering] paid." *Id.*

14. On December 8, 2020, Visioneering asked Vivace for an additional status update. Vivace responded that "first and foremost [Vivace] want[s] to make sure [Visioneering] get[s] paid balances due." *Id.*

15. Vivace also confirmed that Vivace was "clearly responsible for getting [Visioneering] paid for the test stand [Visioneering had] built." *Id.*

16. On December 8, 2020, Vivace issued a formal termination notice to Visioneering, which terminated the PO for "convenience." Ex. 2 (the "Termination Notice").

17. The Termination Notice also requested that Visioneering provide an "updated final invoice for [the PO] that captures open balances due to Visioneering to ensure all costs are accurately captured." *Id.*

18. On December 22, 2020, pursuant to the Termination Notice, Visioneering issued Invoice No. IN-70483 to Vivace for costs associated with the manufacture of the Equipment (the "Invoice"). Ex. 3. The Invoice totaled $722,648 and included "due on receipt" payment terms.

19. Vivace has admitted, and not disputed, the charges.

20. On January 22, 2021, Visioneering issued a formal letter to Vivace demanding full payment of the $722,648, as set forth in the Invoice no later than February 5, 2021. Ex. 4.

21. Although Vivace made *some* payments to Visioneering, the Invoice remains unpaid.

22. The sum of at least $350,648 remains due and owing by Vivace to Visioneering.

23. Despite failing to pay the Invoice, Vivace has repeatedly acknowledged the validity of the debt and its satisfaction with Visioneering's performance.

24. For example, in a June 25, 2021 email between undersigned counsel and Vivace, Vivace acknowledged its debt by stating, "Vivace remains committed to paying our balance in full." Ex. 5.

25. In that same email, Vivace stated that it would prepare an updated payment schedule. *Id*.

26. Accordingly, in a June 27, 2021 email, Ex. 6, Vivace proposed the following payment plan to undersigned counsel:

| Payment Date | Amount | Balance |
|---|---|---|
| Starting Balance | | $375,648 |
| 7/9/2021 | $25,000 | $350,648 |
| 7/23/2021 | $50,000 | $300,648 |
| 8/6/2021 | $50,000 | $250,648 |
| 8/20/2021 | $50,000 | $200,648 |
| 9/3/2021 | $50,000 | $150,648 |
| 9/17/2021 | $50,000 | $100,648 |
| 10/1/2021 | $50,000 | $50,648 |
| 10/15/2021 | $50,648 | $0 |

4

27. Vivace's June 27, 2021 email also stated, "We appreciate your patience and understand how seriously delinquent these balances are." *Id*.

28. Nevertheless, Vivace ceased making its payments to Visioneering after the initial July 9, 2021 payment. Ex. 7.

29. After Vivace was notified of the non-payment, it sent an email to Visioneering on September 1, 2021 apologizing for the delay in payment. Ex. 8.

30. In the September 1, 2021 email, Vivace once again acknowledged its delinquency and offered "to propose that we work to catch up to the schedule, with full payment no later than 10/15, starting with a payment of $100K next week." *Id*.

31. Vivace reiterated its commitment to repaying its debt to Visioneering and stated, "we remain committed to full repayment of the balance, and we appreciate your patience though [sic] what has been challenging year." *Id*.

## **COUNT I – BREACH OF CONTRACT**

32. Visioneering restates and incorporates the allegations contained in the preceding paragraphs as though set forth separately herein.

33. The PO is a valid and enforceable contract between Visioneering and Vivace.

34. Visioneering has fulfilled all of its obligations under the PO.

35. Vivace's failure to pay Visioneering for the Equipment constitutes a breach of the parties' agreement.

5

36. Because of Vivace's breach, Visioneering has suffered damages in the amount of at least $350,648, plus additional damages to be proven at trial, including, but not limited to, incidental and consequential damages, along with interest and costs.

37. Accordingly, Visioneering is entitled to judgment against Vivace in the amount of $350,648, plus additional damages to be proven at trial, including, but not limited to, incidental and consequential damages, along with interest, costs, and all other relief permitted by law or contract.

## COUNT II - ACCOUNT STATED

38. Visioneering restates and incorporates the allegations contained in the preceding paragraphs as though set forth separately herein.

39. At Vivace's request, Visioneering manufactured the Equipment for Vivace.

40. Vivace agreed to pay for the Equipment.

41. Visioneering has invoiced Vivace for the Equipment.

42. The Invoice represents the amount owed by Vivace as near as can be estimated, over and above all legal counter-claims and set-offs.

43. Vivace has not objected to the amount claimed as due in the Invoice.

44. Vivace has not paid the balance due and owing for the Equipment.

45. Accordingly, Visioneering is entitled to judgment against Vivace in the amount of $350,648, plus additional damages to be proven at trial, including, but not limited to, incidental and consequential damages, along with interest, costs, and all other relief permitted by law or contract.

## COUNT III – UNJUST ENRICHMENT

46. Visioneering restates and incorporates the allegations contained in the preceding paragraphs as though set forth separately herein.

47. This Count is pleaded in the alternative.

48. Visioneering conferred a benefit on Vivace by manufacturing the Equipment.

49. Visioneering conferred the benefit on Vivace based on a reasonable belief that it would be paid for the Equipment.

50. Vivace expected that it would have to pay for the Equipment.

51. It would be inequitable to allow Vivace to retain the benefit of the Equipment without compensating Visioneering.

52. To avoid Vivace being unjustly enriched, Visioneering is entitled to judgment in the amount of $350,648, plus additional damages to be proven at trial, including, but not limited to, incidental and consequential damages, along with interest, costs, and all other relief permitted by law and/or contract.

## PRAYER FOR RELIEF

WHEREFORE, Visioneering requests that this Court issue a judgment in its favor against Vivace, for at least $350,648, plus additional damages to be proven at trial including, but not limited to, incidental and consequential damages, along with interest, costs, and all other relief permitted by law or contract.

Dated:  November 1, 2021

Respectfully submitted,

**FOLEY & LARDNER LLP**

/s/ *Ann Marie Uetz*
Ann Marie Uetz (P48922)
Regina M. Gilmour (P83117)
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
313-234-7100
auetz@foley.com
rgilmour@foley.com

*Attorneys for Plaintiff*

8